IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HERMINIA DOLEMBA and SCOTT DOLEMBA, on behalf of plaintiffs and a class, <br><br> Plaintiffs, <br><br> vs. <br><br> FIDELITY SECURITY LIFE INSURANCE COMPANY, NFS INSURANCE AGENCY LLC, and JOHN DOES 1-10, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiffs Herminia Dolemba and Scott Dolemba bring this action against defendants Fidelity Security Life Insurance Company and NFS Insurance Agency, LLC to secure redress for the placement of an illegal telemarketing call to their cell phone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA") and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §1331, *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005), and 28 U.S.C. §1367.

3. Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

        a.      Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

        b.      Have transacted or done business in Illinois.

4.      Venue in this District is proper for the same reason.

## **PARTIES**

5.      Plaintiffs Herminia Dolemba and Scott Dolemba are residents of the Northern District of Illinois.

6.      Defendant Fidelity Security Life Insurance Company is a Missouri corporation. Its principal offices are at 3130 Broadway, PO Box 131, Kansas City, Missouri 64141.

7.      Defendant NFS Insurance Agency LLC is a limited liability company chartered under California law. Its principal offices are at 6080 Center Drive, Suite 300, Los Angeles, California 90045.

8.      Defendant John Does 1-10 are other natural or artificial persons that were involved in the calls described below. Plaintiffs do not know who they are.

## **FACTS**

9.      Plaintiff Herminia Dolemba is the subscriber to cellular telephone number XXX-XXX-9965.

10.     Plaintiff Scott Dolemba is an authorized user on Herminia Dolemba's account.

11.     On August 2, 2018, at 11:40 a.m., plaintiff Herminia Dolemba received a call from (630) 875-0189 on her cellular phone. (Exhibit A)

12.     Plaintiff Scott Dolemba answered the call when it came in. The call began with a robotic voice personalized as James asking about life insurance quotes.

13. Plaintiff Scott Dolemba responded to the robotic voice and was transferred to a live caller named Eric from Seniors Benefits who then transferred the call to Desiree from Seniors United. Desiree stated that the Seniors United life insurance policy would be provided by Fidelity Security Life Insurance Company.

14. According to the website, www.seniorsunited.com, "Seniors United Insurance is a brand of NFS Insurance Agency LLC (Marina Del Ray, CA)." (Last accessed on August 23, 2018)

15. A sample of an Agency Commission Agreement is attached as Exhibit B. On information and belief, similar agreements are in effect through the present.

16. On information and belief, NFS Insurance Agency, LLC is required to acquire goods and services and expend money and time to or for the benefit of Fidelity Security Life Insurance Company, including, but not limited to the solicitation of business, including the purchase of leads, for the benefit of Fidelity Security Life Insurance Company.

17. As part of its offerings, Fidelity Security Life Insurance Company makes known the commercial availability of its goods and services, including insurance. Fidelity Security Life Insurance Company seeks to promote the commercial availability of its products, property and services, including Seniors United Insurance, as opposed to those of competing insurers.

18. On its website, www.fslins.com, Fidelity Security Life Insurance Company states, "In marketing to consumers, FSL uses a variety of media including direct mail, space advertising and telemarketing." (Last visited August 24, 2018)

19. Plaintiff Scott Dolemba reasonably believed that the call came from a representative of Fidelity Security Life Insurance Company acting on behalf of Fidelity Security

Life Insurance Company, with its authority.

20. Plaintiffs may have received other calls from Defendants. Discovery may reveal additional automated telemarketing calls as well.

21. Plaintiffs had no relationship with defendants and had not consented to the call. Plaintiffs did not furnish their cell phone numbers to Defendants.

22. Defendants are responsible for making or causing the placement of the unsolicited, automated phone calls.

23. On information and belief, the calls were placed using an automated telephone dialing system which had the capacity to produce or store and dial randomly or sequentially and/or used an artificial or pre-recorded voice message system.

24. Defendants whose products and services were advertised, derived economic benefit from the calls and the products and services promoted therein.

25. On information and belief, the unsolicited, automated phone calls were made as part of a mass broadcasting of automated, unsolicited phone calls.

26. On information and belief, defendants have made unsolicited, automated phone calls to the cellular phones of at least 40 other persons in Illinois.

27. Defendants either negligently or wilfully violated the rights of plaintiffs and other recipients in placing the calls.

28. Plaintiffs suffered damages as a result of receipt of the call, and they were unable to use the phone for the duration of the call.  Furthermore,  plaintiffs' statutory right of privacy was invaded.

29. Plaintiffs are entitled to statutory damages.

30. Defendants violated the TCPA even if their actions were only negligent.

31. Defendants should be enjoined from committing similar violations in the future.

### COUNT I – TCPA

32. Plaintiffs incorporate paragraphs 1–31.

33. The TCPA provides, at 47 U.S.C. §227(b):

**Restrictions on use of automated telephone equipment**

**(1) Prohibitions**

**It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--**

> **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice– . . .**
>
>> **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;**
>
> **(B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B); . . .**

34. Plaintiffs had not consented to defendants' communications.

35. The TCPA, 47 U.S.C. §227(b)(3) provides:

> **Private right of action.**
>
> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State-**
>
> **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

5

>**(B) an action to recover for actual monetary loss from such a violation, or to receive $ 500 in damages for each such violation, whichever is greater, or**
>
>**(C) both such actions.**
>
>**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

## CLASS ALLEGATIONS

36. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiffs bring this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) received calls on their cellular phones from or on behalf of defendants Fidelity Security Life Insurance Company and/or NFS Insurance Agency, LLC (d) placed using an artificial or prerecorded voice or automated dialer.

37. The class is so numerous that joinder of all members is impractical. Plaintiffs allege on information and belief that there are more than 40 members of the class.

38. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of making or causing to be made telemarketing calls using a recorded or artificial voice;

    b. The manner in which defendants compiled or obtained their list of telephone numbers;

    c. Whether defendants obtained the consent of the called parties;

6

      d.      Whether defendants thereby violated the TCPA;

39.      Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiffs nor plaintiffs' counsel have any interests which might cause them not to vigorously pursue this action.

40.      Plaintiffs' claims are typical of the claims of the class members. All are based on the same factual and legal theories.

41.      A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

42.      Several courts have certified class actions under the TCPA: *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036 (9th Cir. 2012); *Manno v. Healthcare Revenue Recovery Group, LLC*, 289 F.R.D. 674 (S.D.Fla. 2013); *Mitchem v Illinois Collection Serv.*, 271 F.R.D. 617 (N.D.Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC,*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill., Jan. 5, 2011), later opinion, 2011 U.S. Dist. LEXIS 5763 (N.D.Ill., Jan. 21, 2011), later opinion, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill., June 1, 2011); *Lo v. Oxnard European Motors, LLC*, 11CV1009 JLS (MDD), 2012 U.S. Dist. LEXIS 73983 (S.D.Cal., May 29, 2012); *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339,

2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc.*, 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*, 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); *Rawson v. C.P. Partners LLC*, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000).

43. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

44. WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class and against defendants for:

    a. Statutory damages;

    b. An injunction against the further placement of unsolicited, automated calls;

  c. Costs of suit;

  d. Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

45. Plaintiffs incorporate paragraphs 1–31.

46. Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by making an unauthorized robocall to plaintiff Herminia Dolemba's cell phone.

47. Defendants' conduct is contrary to public policy, as set forth in the TCPA.

48. Plaintiffs suffered damages as a result of receipt of the call.

49. Defendants engaged in such conduct in the course of trade and commerce.

50. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

51. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiffs bring this claim on behalf of a class, consisting of (a) all persons with phone numbers in Illinois area codes (b) who, on or after a date three years prior to the filing of this action, (c) received calls on their cellular phones from or on behalf of defendants Fidelity Security Life Insurance Company and/or NFS Insurance Agency, LLC (d) placed using an artificial or prerecorded voice or automated dialer.

52. The class is so numerous that joinder of all members is impractical. Plaintiffs allege on information and belief that there are more than 40 members of the class.

53. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

  a. Whether defendants engaged in a pattern of making or causing to be made

        telemarketing calls using a recorded or artificial voice;

    b.    The manner in which defendants compiled or obtained their list of telephone numbers;

    c.    Whether defendants thereby violated the ICFA.

54. Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiffs nor plaintiffs' counsel have any interests which might cause them not to vigorously pursue this action.

55. Plaintiffs' claims are typical of the claims of the class members. All are based on the same factual and legal theories.

56. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

57. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs against defendants for:

    a.    Compensatory and punitive damages;

    b.    An injunction against further violations;

    c.    Attorney's fee, litigation expenses and costs of suit;

    d.    Such other or further relief as the Court deems just and proper.

                                        /s/ Daniel A. Edelman
                                        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Heather Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **NOTICE OF LIEN AND ASSIGNMENT**

    Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

            /s/ Daniel A. Edelman
            Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Heather Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)